# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YASEEN AYMEN SALIH,

Petitioner,

v.

WARDEN, CLINTON COUNTY CORRECTIONAL FACILITY,

Respondent.

No. 4:26-CV-01512

(Chief Judge Brann)

## MEMORANDUM OPINION

**SEPTEMBER 16, 2026**

Petitioner Yaseen Aymen Salih is an immigration detainee in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE). He is currently detained at Clinton County Correctional Facility in McElhattan, Pennsylvania. Salih commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241, his second such petition in this Court. He seeks immediate release from detention or a bond hearing. The Court will grant in part Salih's Section 2241 petition.

## I. BACKGROUND

Salih is a native and citizen of Sudan who lawfully entered the United States in April 2000.[1] In 2013, he adjusted his status to Lawful Permanent Resident.[2]

---

1 Doc. 17-2 at 2.
2 *Id.*

In June 2019, Salih was convicted in federal court of attempt and conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and was sentenced to a term of 18 months' imprisonment.[3] Following that conviction, Salih was placed into removal proceedings for having committed an aggravated felony.[4] In August 2020, an immigration judge (IJ) ordered Salih removed to Sudan, but deferred his removal to Sudan under the Convention Against Torture (CAT).[5] Neither party appealed that decision, making it administratively final on September 23, 2020.[6]

The record does not reflect when Salih was released from federal custody for his criminal conviction or attendant immigration proceedings. In any event, in August 2021, he was arrested on new federal charges.[7] On May 1, 2023, he was sentenced to a 50-month aggregate term of imprisonment after pleading guilty to conspiracy to commit bank fraud, 18 U.S.C. § 1349, and aggravated identity theft, 18 U.S.C. § 1028A and Section 2.[8]

On November 29, 2025, following completion of his criminal sentence, ICE took Salih into custody to effectuate his removal to a third country.[9] On or about January 7, 2026, Headquarters Removal and International Operations (HQ-RIO)

---

3 *See* Doc. 17-5 at 2-3; *United States v. Salih*, No. 2:18-cr-698-WJM-1, Doc. 48 (D.N.J. June 6, 2019).

4 *See* Doc. 17-4 (Notice to Appear).

5 *See* Doc. 17-5 at 3.

6 *See* Doc. 17-3 ¶ 5.

7 *See United States v. Salih*, No. 2:22-cr-270-KM, Doc. 4 (D.N.J. Aug. 26, 2021).

8 Doc. 17-7 at 2-3; *United States v. Salih*, No. 2:22-cr-270-KM, Doc. 58 (D.N.J. May 1, 2023).

9 Doc. 17-3 ¶ 6.

informed Enforcement and Removal Operations (ERO) that Salih would be removed when a third country was located.[10] In February 2026, Salih was provided with forms for third-country removal to Ghana and Guinea.[11] Although Salih expressed fear of removal to both countries, ICE asserts that he eventually informed ERO that he would willingly go to Ghana.[12]

Salih lodged his first habeas corpus petition under 28 U.S.C. § 2241 in this Court on December 15, 2025.[13] In that petition, Salih sought injunctive relief, asking the Court to restrain the United States from removing him to Sudan or any third country without adequate notice of removal.[14] The Court ultimately held that it had no jurisdiction to consider Salih's petition, as his claims were inextricably intertwined with the underlying removal proceedings and thus the district court was statutorily barred from entertaining his claims.[15]

Salih lodged the instant Section 2241 petition in this Court on June 3, 2026, seeking immediate release or an individualized bond hearing, as well as numerous other forms of injunctive relief.[16] Respondent timely responded to the petition on July 28, 2026,[17] but then moved to withdraw their response due to a change in the

---

10 *Id.*
11 *Id.* ¶ 7.
12 *Id.* ¶ 9.
13 *See Salih v. Hoover*, No. 4:25-CV-02407, Doc. 1 (M.D. Pa. Dec. 15, 2025) (Brann, C.J.).
14 *See id.*, Doc. 10 at 4.
15 *See id.*, Doc. 10 at 4-6.
16 *See generally* Doc. 1.
17 Doc. 12.

procedural posture of Salih's removal proceedings.[18] That is because on July 29, 2026, the United States Court of Appeals for the Third Circuit granted Salih a stay of removal following his filing of a petition for review (PFR).[19] The Third Circuit also granted Salih a stay of proceedings pending the resolution of several cases on appeal with the Third Circuit and the United States Supreme Court.[20]

The Court granted Respondent's motion, giving Respondent 14 days to file an amended answer to Salih's Section 2241 petition.[21] Respondent timely filed that amended response on August 12, 2026.[22] Salih filed a traverse on August 18, 2026.[23] His Section 2241 petition is therefore ripe for disposition.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2241(c), a prisoner or detainee may receive habeas relief only if he "is in custody in violation of the Constitution or laws or treaties of the United States."[24] Because Salih filed the instant petition while he was detained within the jurisdiction of this Court, is still currently detained by ICE, and asserts

---

18 *See* Docs. 13, 14.
19 *See Salih v. U.S. Att'y Gen.*, No. 26-2451, Doc. 16 (3d Cir. July 29, 2026).
20 *Id.*
21 *See* Doc. 16.
22 *See generally* Doc. 17.
23 Doc. 18. During the pendency of this case, Salih also filed a motion to expedite proceedings (Doc. 2), a motion for a temporary restraining order (Doc. 7), and a motion for "expedited habeas relief," (Doc. 11).
24 *See* 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

that his continued detention violates due process, this Court has jurisdiction over his Section 2241 petition.[25]

## III. Discussion

Salih has been ordered removed to Sudan but has been granted deferral of removal under the CAT. In June 2026, he filed a petition for review with the Third Circuit and was granted a stay of removal. Contrary to Salih's protestations, that stay of removal shifts the statutory basis for his current detention. Salih is no longer being detained pursuant to the post-removal statute, 8 U.S.C. § 1231(a); he is now detained under 8 U.S.C. § 1226(c).[26] Accordingly, the Court must determine whether Salih's mandatory detention under Section 1226(c) has become unreasonable.

In *Jennings v. Rodriguez*,[27] the Supreme Court of the United States rejected the premise that 8 U.S.C. § 1226(c) contains an implicit time limit for pre-removal detention.[28] The United States Court of Appeals for the Third Circuit, however, has explained that *Jennings* "did not call into question [the] constitutional holding

---

[25] *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Khalil v. President, United States*, 164 F.4th 259, 277-79 (3d Cir. 2026) (holding that detention specific claims, like length and conditions of confinement, do not "arise from" removal proceedings and can be addressed by district courts).

[26] *See Leslie v. Att'y Gen. U.S.*, 678 F.3d 265, 270 (3d Cir. 2012) ("Our review indicates that every circuit to consider the issue has held that § 1226, not § 1231, governs detention during a stay of removal."), *abrogated in part and on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018).

[27] 583 U.S. 281 (2018).

[28] *Jennings*, 583 U.S. at 303-06.

in *Diop* [*v. ICE/Homeland Security*, 656 F.3d 221 (3d Cir. 2011)] that detention under § 1226(c) may violate due process if unreasonably long."[29] Thus, "even after *Jennings*, an alien lawfully present but detained under § 1226(c) can still challenge his detention under the Due Process Clause" by seeking an individualized bond hearing.[30] In such as-applied challenges, "when detention becomes unreasonable, the Due Process Clause demands a hearing."[31]

When reviewing as-applied challenges to the constitutionality of continued mandatory detention under Section 1226(c), "[t]he most important factor is the duration of detention."[32] Additionally, the Court must consider the other circumstances of detention, including: (1) "whether the detention is likely to continue"; (2) "the reasons for the delay, such as a detainee's request for continuances"; and (3) "whether the alien's conditions of confinement are 'meaningfully different' from criminal punishment."[33] There is no "bright-line" threshold for reasonableness; rather, whether continued detention is reasonable is a "highly fact-specific" inquiry.[34]

---

29 *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018).

30 *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210 (3d Cir. 2020).

31 *Id.* (quoting *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 233 (3d Cir. 2011), *abrogated in part on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018)).

32 *See id.* at 211.

33 *Id.* (quoting *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 478 (3d Cir. 2015)).

34 *Id.* at 210 (quoting *Chavez-Alvarez*, 783 F.3d at 474).

At the outset, the Court observes that—at least under the facts of this case—it cannot grant Salih's requested relief of immediate release from custody.[35] Rather, the Court is limited to resolving whether, under the *German Santos* factors, Salih is entitled to an individualized bond hearing to determine if "detention is still necessary to fulfill [Section 1226(c)]'s purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community."[36] The Court will take each factor in turn.

The first and most important factor is the duration of detention. Salih has been held in immigration detention for approximately ten months. Yet district courts in this circuit have frequently found that detention under Section 1226(c) for less than, or slightly more than, a year does not amount to an arbitrary deprivation of liberty or weigh in favor of habeas relief.[37] The decisions cited in *Gabriel v. Barr* stand in contrast to cases where detention was approaching, or exceeded, two years in length before receiving an initial bond hearing.[38] Consequently, Salih's duration of detention—less than ten months—does not cut in favor of habeas relief.

---

[35] *See id.* ("[W]hen detention becomes unreasonable, the Due Process Clause demands a *hearing*." (emphasis added) (quoting *Diop*, 656 F.3d at 233)).

[36] *Diop*, 656 F.3d at 231.

[37] *See Gabriel v. Barr*, No. 1:20-cv-1054, 2021 WL 268996, at *3 (M.D. Pa. Jan. 27, 2021) (collecting cases).

[38] *See, e.g.*, *German Santos*, 965 F.3d at 212 (two-and-a-half years' detention); *Clarke v. Doll*, No. 3:20-cv-31, 2020 WL 4933696, at *1 (M.D. Pa. Aug. 24, 2020) (20 months); *Chikerema v. Lowe*, No. 1:18-cv-1031, 2019 WL 3891086, (M.D. Pa. Aug. 19, 2019) (over 20 months): *Vega v. Doll*, No. 3:17-cv-1440, 2018 WL 3756755, at *5 (M.D. Pa. Aug. 8, 2018) (Mannion, J.) (21 months).

The next factor that must be considered is whether detention is likely to continue. In this case, detention is likely to continue, as Salih has filed a PFR in the Third Circuit, received a stay of removal, and had a decision on that PFR stayed pending resolution of other Third Circuit or Supreme Court cases. This factor thus supports Salih's habeas claim.[39]

The reasons for delay provide no support for Salih's petition. There is no evidence that the government has unreasonably delayed the immigration proceedings, nor that Salih is operating in anything other than good faith in his pursuit of relief from removal. Consequently, this factor does not weigh in favor of either party and thus does not advance Salih's as-applied due process challenge.

The final factor is whether the petitioner's conditions of confinement are "'meaningfully different' from criminal punishment."[40] Salih is currently detained at Clinton County Correctional Facility. His detention appears to be no different than criminal incarceration. Respondent has proffered no argument or evidence to the contrary. As another court in this district has aptly put it: "A jail is a jail."[41] Accordingly, this final factor weighs in Salih's favor.

---

39 *See German Santos*, 965 F.3d at 211 ("When the alien's removal proceedings are unlikely to end soon, this suggests that continued detention without a bond hearing is unreasonable." (citation omitted)).

40 *German Santos*, 965 F.3d at 211 (quoting *Chavez-Alvarez*, 783 F.3d at 478).

41 *Tchouala v. Lowe*, No. 3:26-cv-887, 2026 WL 1401765, at *5 (M.D. Pa. May 19, 2026) (Munley, J.).

When reviewing the totality of the circumstances, the Court concludes that the balance of the *German Santos* factors militates in Salih's favor. Although it is a close call, under the present facts, Salih's continued mandatory detention under Section 1226(c) without adequate due process protections has become unreasonably prolonged.[42] The Court will therefore require Respondent to provide Salih with an individualized bond hearing before an immigration judge.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant in part Salih's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

[42] *See, e.g.*, *Alvarado v. Soto*, No. 26-cv-1032, 2026 WL 2349924, at *4 (D.N.J. Aug. 13, 2026) (finding that mandatory detention under Section 1226(c) since November 2025 had become unreasonably prolonged and ordering individualized bond hearing).